# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| A. Natterman & Cie GmbH | Bayer Corporation |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)<br>Germany | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)<br>Allegheny<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)<br>Charles S. Marion, Esquire<br>White and Williams LLP<br>1800 One Liberty Place<br>Philadelphia, Pennsylvania 19103<br>(215) 864-7000 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Nation | ☐ 3 | ☐ 3 | Foreign Country | ☒ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action for patent infringement under the patent laws, 35 U.S.C. Sec. 100 et seq.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | CIVIL RIGHTS | LABOR | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>**REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Med Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>**PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence Habeas Corpus<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Other<br>**FORFEITURE/PENALTY**<br>☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/ Health<br>☐ 690 Other | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act<br>**BANKRUPTCY**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☒ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 P

**DEMAND $** Permanent injunctive relief and compensatory damages, treble damages and attorney's fees

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions)  JUDGE            DOCKET NUMBER

DATE            SIGNATURE OF ATTORNEY OF RECORD

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

DOCS_PH 1411177v1

APPENDIX A

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: Nattermannallee 1, D-50829 Cologne, Germany

Address of Defendant: 100 Bayer Road, Building 4, Pittsburgh, PA 15205

Place of Accident, Incident or Transaction: Infringement of patent has occurred throughout this judicial district and elsewhere.

*(Use Reverse Side for Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   (please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Charles S. Marion, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

**Date:** _____    _____    56509
                                    Attorney-at-Law            Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

**Date:** _____    _____    56509
                                    Attorney-at-Law            Attorney I.D. #

CIV. 609 (9/99)

DOCS_PH 1411177v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| A. Natterman & Cie GmbH, and | : | CIVIL ACTION |
| Aventis Behring L.L.C. | : | |
| v. | : | |
| Bayer Corporation and | : | |
| Bayer Healthcare LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

| | | |
|---|---|---|
| (a) | Habeas Corpus -- Cases brought under 28 U.S.C. §2441 through §2255. | ( ) |
| (b) | Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. | ( ) |
| (c) | Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8. | ( ) |
| (d) | Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. | ( ) |
| (e) | Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) | (X) |
| (f) | Standard Management -- Cases that do not fall into any one of the other tracks. | ( ) |

| (Date) | | |
|---|---|---|
| | | Charles S. Marion, Attorney-at-law |
| | | WHITE AND WILLIAMS LLP |
| | | 1800 One Liberty Place |
| | | Philadelphia, PA 19103 |
| | | Attorney for Plaintiff |

DOCS_PH 1411177v1

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See § 1.02(e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

UNITED STATES DISTRICT COURT

EASTERN                              DISTRICT OF      PENNSYLVANIA

# SUMMONS IN A CIVIL ACTION

A. NATTERMANN & Cie GmbH, and  
AVENTIS BEHRING L.L.C.

      v.

BAYER CORPORATION and  
BAYER HEALTHCARE LLC

CASE NUMBER:

TO:  Bayer Corporation  
     100 Bayer Road  
     Building 4t  
     Pittsburgh, PA  15205

      **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY Charles S. Marion, Esquire an answer to the complaint which is herewith served upon you, within twenty (20) days after serve of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                                    DATE

BY DEPUTY CLERK

DOCS_PH 1411177v1

| **RETURN OF SERVICE** ||
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| *Check one box below to indicate appropriate method of service* ||

☐  Served personally upon the defendant.  Place where served:

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left:

☐  Returned unexecuted:

☐  Other (specify):

| **STATEMENT OF SERVICE FEES** |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
     Date                              Signature of Server


                                       Address of Server




1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

DOCS_PH 1411177v1

UNITED STATES DISTRICT COURT

EASTERN | DISTRICT OF | PENNSYLVANIA

## SUMMONS IN A CIVIL ACTION

A. NATTERMANN & Cie GmbH, and
AVENTIS BEHRING L.L.C.

   v.

BAYER CORPORATION and
BAYER HEALTHCARE LLC

CASE NUMBER:

TO: Bayer Healthcare LLC
   c/o Corporation Trust Center
   1209 Orange Street
   Wilmington, DE  19801

   **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY Charles S. Marion, Esquire an answer to the complaint which is herewith served upon you, within twenty (20) days after serve of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK     DATE

BY DEPUTY CLERK

DOCS_PH 1411177v1

| **RETURN OF SERVICE** ||
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

**DECLARATION SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on
       Date                                  Signature of Server

                                             Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A. NATTERMANN & Cie GmbH, and<br>AVENTIS BEHRING L.L.C., <br><br>Plaintiffs,<br><br>v.<br><br>BAYER CORPORATION and<br>BAYER HEALTHCARE LLC,<br><br>Defendants. | Civil Action No.: _____ |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, A. Nattermann & Cie GmbH and Aventis Behring L.L.C. (collectively "Plaintiffs"), for their Complaint against Defendants Bayer Corporation and Bayer Healthcare LLC ("Defendants" or "Bayer"), hereby state as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of United States Patent No. 5,565,427 ("the '427 patent"), arising under the patent laws of the United States, 35 U.S.C. § 100 et seq. This action relates to the commercial manufacture, offer for sale, and sale by Defendants of their KOGENATE® FS product, which contains a stabilized solution with Factor VIII:C activity.

## THE PARTIES

2. Plaintiff A. Nattermann & Cie GmbH is a corporation organized under the laws of Germany, with its principal place of business at Nattermannallee 1, D-50829 Cologne, Germany.

3. Plaintiff Aventis Behring L.L.C. is a corporation organized under the laws of Delaware, with its principal place of business at 1020 First Avenue, King of Prussia, Pennsylvania 19406.

4. Upon information and belief, Defendant Bayer Corporation is an Indiana Corporation having its corporate offices and principal place of business at 100 Bayer Rd., Building 4, Pittsburgh, Pennsylvania 15205.

5.  Upon information and belief, Defendant Bayer Healthcare LLC is a Delaware Corporation having its corporate offices and principal place of business at 79 T.W. Alexander Dr., 4101 Research Commons, P.O. Box 13887, Research Triangle, North Carolina 27709.

## JURISDICTION AND VENUE

6.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.  This Court has jurisdiction over the Defendants because one or both of the Defendants purposefully have conducted and continue to conduct business in this judicial district, have placed the accused product in the stream of commerce knowing and intending this judicial district was and is a likely destination of this product, have caused injury to Plaintiffs in this judicial district, have committed acts of infringement in this judicial district, and have corporate offices in Pennsylvania.

8.  Upon information and belief, this Court has personal jurisdiction over Defendants.

9.  Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## CLAIM FOR INFRINGEMENT OF THE '427 PATENT

10. The '427 patent, entitled "Stabilized Factor VIII Preparations," was duly and legally issued to Behringwerke Aktiengesellschaft, as assignee of inventor Wilfried Freudenberg, by the United States Patent and Trademark Office ("PTO") on October 15, 1996.  A true and correct copy of the '427 patent is attached as Exhibit A.  Behringwerke Aktiengesellschaft assigned the '427 patent to Aventis Behring GmbH (previously known as Centeon Pharma GmbH).

11. On July 23, 2002, the PTO issued a Reexamination Certificate to assignee Aventis Behring GmbH, confirming without amendment the patentability of the claims of the '427 patent.  A true and correct copy of the Reexamination Certificate is attached as Exhibit B.

12. The '427 patent discloses and claims, *inter alia,* a stabilized solution with factor VIII:C activity.

13. Nattermann is the present owner of the '427 patent as a result of an assignment from Aventis Behring GmbH.

14. Nattermann has granted Aventis Behring GmbH a non-exclusive license to the '427 patent.

15. Aventis Behring GmbH has granted Aventis Behring L.L.C. a sub-license to the '427 patent.

16. On information and belief, Bayer has knowledge of the '427 patent.

17. On April 7, 1998, Bayer Corporation entered into a Supply Agreement with Aventis Behring L.L.C. (previously known as Centeon L.L.C.), whereby Bayer Corporation agreed to supply Aventis Behring L.L.C. with an improved antihemophilic Factor VIII (Recombinant) protein to be formulated as a sterile, stable, purified, freeze-dried concentrate, purified and formulated without the use of albumin.

18. Based on information available from the United States Food and Drug Administration's ("FDA") website (www.fda.gov), on June 26, 2000, Bayer Corporation obtained FDA approval to manufacture, use, offer to sell and sell in the United States an improved antihemophilic Factor VIII (Recombinant) protein formulated as a sterile, stable, purified, freeze-dried concentrate, purified and formulated without the use of albumin, under the trademark KOGENATE® FS.

19. Pursuant to the Supply Agreement, Bayer supplies KOGENATE® FS to Aventis Behring L.L.C. who then sells the product under the trademark HELIXATE® FS.

20. Pursuant to the Supply Agreement, no expressed or implied licenses are granted by one party to the Supply Agreement to the other except those which permit performance, by each party, of its obligations under the Supply Agreement.

21. On information and belief, Bayer manufactures KOGENATE® FS in California.

22. On information and belief, Bayer began selling and offering for sale its KOGENATE® FS product in this judicial district and elsewhere in the United States on or about September 2000 to parties other than Aventis Behring L.L.C.

23. On information and belief, Bayer distributes its KOGENATE® FS product into this judicial district and elsewhere in the United States to parties other than Aventis Behring L.L.C.

24. Bayer has not taken a license under the '427 patent to manufacture, offer for sale, and sell its KOGENATE® FS product to parties other than Aventis Behring L.L.C.

25. Bayer's manufacturing, offering for sale, and selling of its KOGENATE® FS product to parties other than Aventis Behring L.L.C. constitutes infringement of the '427 patent under 35 U.S.C. § 271.

## DAMAGES AND OTHER HARM SUFFERED BY PLAINTIFFS

26. Bayer's acts of infringement have damaged Plaintiffs in an amount not yet determined and will continue to damage Plaintiffs in the future.

27. Bayer's acts of infringement are ongoing and will continue unless enjoined by the Court.

28. Upon information and belief, Bayer's acts of infringement constitute willful infringement, entitling Plaintiffs to treble damages and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in its favor, and against Bayer, on the patent infringement claim set forth above, and award relief as follows:

(1) find Bayer liable for infringing the '427 patent by its making, using, selling, and offering for sale to third parties its KOGENATE® FS product;

(2) find that Bayer's infringement has been willful;

(3) permanently enjoin Bayer, its officers, agents, servants, employees, and attorneys, and those other persons or entities in active concert or participation with it, from importing into, making, using, offering for sale, or selling to third parties in the United States any product that infringes the '427 patent;

(4) award Plaintiffs damages adequate to compensate them for the aforesaid infringement, together with prejudgment interest thereon;

(5) treble such damages under 35 U.S.C. § 285 because of the willful infringement of Bayer;

(6) award Plaintiffs their reasonable attorney fees and the costs of this action under 35 U.S.C. § 285; and

(7) grant Plaintiffs such other relief as this Court may deem just and equitable.

WHITE AND WILLIAMS LLP
By:

_____

Francis P. Devine, III
David S. Haase

DOCS_PH 1411177v1

Charles S. Marion
1800 One Liberty Place
Philadelphia, PA  19103-7395
(215) 864-7000
Fax: (215) 864-7123

Of Counsel:
Doris Johnson Hines
Timothy B. Donaldson
Finnegan, Henderson, Farabow,
  Garrett & Dunner, L.L.P.
1300 I Street, N.W.
Washington, DC 20005
Tel.:  (202) 408-4000

Dated:  April 11, 2003